The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10431 AVONDALE ROAD NE LLC,

    Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS, LLC, *et al.*,

    Defendants.

NO. 25-cv-1553-BJR

**ORDER GRANTING MOTION TO DISMISS**

## I.    INTRODUCTION

This case is one in a series of cases filed by Plaintiff, 10431 Avondale Road NE LLC ("Avondale"), against Defendants, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC, (collectively "Comcast"), relating to a dispute over easement rights. The result is an unnecessarily complex set of cases in both state court and federal court. Now pending before the Court is Comcast Defendants' Motion to Dismiss, or Alternatively, for Judgment on the Pleadings or Summary Judgment, ECF No. 21, and two related motions filed by Avondale for judicial notice, ECF Nos. 42, 57. Having reviewed the materials,[1] the record of the

---

[1] Including the motion, ECF No. 21, Avondale's response in opposition, ECF No. 39; Comcast's reply, ECF No. 43; Avondale's motion for judicial notice, ECF No. 42; Comcast's response in opposition, ECF No. 54; Avondale's reply,

ORDER GRANTING MOTION TO DISMISS

- 1

case, and the relevant legal authorities, the Court will grant Comcast's motion.[2] The reasoning for the Court's decision follows.

## II.   BACKGROUND

A detailed background of this case, which includes related cases, is necessary to set a context for this Court's ruling.

### A.      The First Case

Avondale first sued Comcast on July 17, 2023. King County Superior Court Cause No. 23-2-12790-1 SEA ("First Case"), Fisher Decl. Ex. A, ECF No. 22-1; Yoke Decl. Ex. A, ECF No. 40. Avondale challenged a 1999 easement and 2000 easement amendment that supports a Comcast communications hub. *Id.* Avondale asserted seven causes of action: (1) declaratory relief; (2) quiet title/ejectment; (3) breach of contract; (4) unjust enrichment; (5) trespass; (6) damage to land and property (RCW 4.24.630); and (7) inverse condemnation (RCW 8.20.170). *Id.* Comcast responded with a counterclaim for prescriptive easement. Fisher Decl. Ex. B, ECF No. 22-2. On cross-motions for partial summary judgment, the state court found that the 1999 easement and 2000 easement were enforceable, the contractual claims were untimely, damages under an unjust enrichment theory were unavailable, and the inverse condemnation claim was dismissed with prejudice. Fisher Decl. Exs. D, E, ECF Nos. 22-4, 22-5. Comcast asserts that if its second dispositive motion had been granted, it would have disposed of most of the remaining issues, but four days before the hearing on the motion, Avondale unilaterally and voluntarily dismissed all its claims in the First Case, leaving only Comcast's state-law counterclaims. Mot. 4 (citing Fisher Decl. Exs. H-J, ECF Nos.

---

ECF No. 56; Avondale's second motion for judicial notice, ECF No. 57; Comcast's response in opposition, ECF No. 66; to which no reply was filed; and more than a thousand pages of supporting declarations, exhibits, and documents.
[2] Also pending is Plaintiff's amended motion for partial summary judgment, ECF No. 83, which will be denied as moot.

ORDER GRANTING MOTION TO DISMISS

- 2

22-8–22-10). On May 19, 2025, the state court issued an order granting Avondale's motion for dismissal of all claims pursuant to Washington Civil Rule 41 (a)(1)(B). Fisher Decl. Ex. J.

### B.    The Second Case

Avondale's second suit against Comcast was filed on May 6, 2025. King County Superior Court Cause No. 25-2-13814-3 SEA ("Second Case"), Fisher Decl. Ex. K, ECF No. 22-11; Yoke Decl. Ex. Q, ECF No. 40; King County Superior Court Records Access Portal (https://dja-prd-ecexap1.kingcounty.gov/node/420?id=5420720). Avondale challenged the same easements and asserted 9 causes of action: (1) declaratory relief; (2) violation of Redmond Municipal Code ("RMC") 5.60.230(E); (3) violation of RMC 12.14.510; (4) violation of RMC 12.14.750; (5) abatement of a nuisance (RCW 7.48); (6) breach of contract; (7) unjust enrichment; (8) damage to land and property (RCW 4.24.630); and (9) violation of RCW 59.04.050. *Id.* Comcast observes that the Second Case was almost identical to the First Case, involving the same parties and "share[d] common issues of law and fact." Mot. 4. On June 17, 2025, the state court granted Comcast's motion for consolidation of the Second Case with Comcast's counterclaims from the First Case and the consolidated case was assigned back to the judge supervising the First Case. Fisher Decl. Ex. L, ECF No. 22-12. On August 14, 2025,[3] without notice, Avondale moved to voluntarily dismiss its claims in the Second Case pursuant to Wash. Civil Rule 41(a). Fisher Decl. Ex. R, ECF No. 22-18. The motion was granted. Fisher Decl. Ex. S, ECF No. 22-19; Yoke Decl. Ex. R, ECF No. 40. Upon dismissal without prejudice, Comcast moved for partial reconsideration or modification of the dismissal order, asserting that it should be entered "with prejudice" because Avondale had previously filed and voluntarily dismissed the same claims in a prior action, it planned to file a third

---

[3] The Court notes that the date on the motion is May 14, 2025, but the date filed is August 14, 2025. Fisher Decl. Ex. R, ECF No. 22-18.

ORDER GRANTING MOTION TO DISMISS

- 3

case, and it was evading paying almost $60,000 in discovery sanctions. Fisher Decl. Ex. T, ECF No. 22-20. The motion remains pending because Avondale removed the counterclaims in the First Case to this Court, which the state court determined divested it of jurisdiction to take any further actions. *See* Fisher Ex. U, ECF No. 22-21 ("[A]bsent further direction by the federal court, this Court cannot weigh in on a matter that may be part of a cause that was removed to federal court.").

### C.    The Third Case

On August 14, 2026, the same day that Avondale voluntarily dismissed its claims in the Second Case, Avondale filed this case in this Court, asserting the same claims it had just dismissed in the Second Case. *See* Compl., ECF No. 1 (adding a 10th cause of action—violation of 47 U.S.C. § 541(a)(2)) ("Third Case" or "this case"). Avondale amended its complaint on September 9, 2026, to add the MasTec Defendants[4] to this case. Am. Compl., ECF No. 6. Comcast has filed a motion to dismiss in this case, based on the doctrines of *res judicata* and Washington's two-dismissal rule.

### D.    The Fourth Case

On August 15, 2026, one day after voluntarily dismissing its claims in the Second Case and filing the Third Case, Avondale removed Comcast's state-law counterclaims in the First Case to this Court. Removal Notice, ECF No. 1 in Case No. 25-cv-01557-BJR ("Fourth Case"). After removal, Avondale filed 14 volumes of state court records, a third-party complaint against the MasTec Defendants, and its purported "counterclaims-in-reply" against Comcast, asserting the same easement-challenging claims against Comcast in the Fourth Case. *See* Third-Party Compl., ECF No. 22 in Case No. 25-cv-01557-BJR. Comcast moved to remand the case back to King

---

[4] MasTec Services Company, Inc., MasTec Network Solutions, Inc., MasTec Network Solutions, LLC, MasTec North America, Inc., and MasTec, Inc. ("MasTec Defendants"). Am. Compl., ECF No. 6.

ORDER GRANTING MOTION TO DISMISS

- 4

County Superior Court. Mot. Remand, ECF No. 28 in Case No. 25-cv-01557-BJR. This Court granted Comcast's motion, remanded the case to King County Superior Court, and granted Comcast's request to file a motion for fees related to the improper removal. Remand Order, ECF No. 55 in Case No. 25-cv-01557-BJR.

### III.    LEGAL STANDARD

Although Comcast does not cite Federal Rule of Civil Procedure 12(b)(6) in arguing for dismissal on *res judicata* grounds, the Court construes Comcast's motion under this rule rather than under Rule 12(b)(1).[5] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ("Preclusion, of course, is not a jurisdictional matter."); Fed. Rule Civ. Proc. 8(c) (listing *res judicata* as an affirmative defense); *see also Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) ("Ordinarily affirmative defenses [such as *res judicata*] may not be raised by motion to dismiss . . . but this is not true when, as here, the defense raises no disputed issues of fact.").

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is properly granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). When considering a motion to dismiss under Rule 12(b)(6), courts must accept the factual allegations in the complaint as true and construe such allegations in the light most favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87 (9th Cir. 2018).

---

[5] Comcast moved to dismiss under Rule 12(b)(1), or alternatively for judgment on the pleadings under Rule 12(c) and/or summary judgment under Rule 56. Mot. 8.

ORDER GRANTING MOTION TO DISMISS

- 5

Typically, a court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## IV.   DISCUSSION

### A.   Requests for judicial notice

Avondale has filed two requests for judicial notice. ECF Nos. 42, 57.  The first request includes the voluntary dismissal order, which was already included in Comcast's declaration accompanying this motion, and in Avondale's declaration accompanying the response in opposition to this motion. ECF No. 42, Ex. A. It also includes a filing made in the First Case in response to Avondale's motion to continue trial. *Id.*, Ex. B. Comcast does not object to the Court's consideration of the fact of the filings but does object to Avondale's additional arguments concerning the significance of the filings and asks the Court to strike the additional arguments. ECF No. 54. Avondale's second request also includes several excerpts of documents filed by both Avondale and Comcast in the First Case. ECF No. 57. Comcast's response in opposition mirrors its opposition to the first request—the filings are not objectionable, but Avondale's additional arguments are objectionable. ECF No. 66.

Under Federal Evidence Rule 201, a court can judicially notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). A court "must take

ORDER GRANTING MOTION TO DISMISS

- 6

judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The requested documents from the related lawsuits are proper subjects for judicial notice. Since judicial notice of the existence of court records is routinely accepted, the requests for judicial notice are granted as to the existence of the records but not as to the truth of their contents. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking notice of court filings and other matters of public record);.*Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (noting that a court may take judicial notice of another court's opinion, but not of the truth of the facts recited therein).

The Court declines to consider either Avondale's or Comcast's additional arguments made in the judicial notice filings.

### B.      Washington's two-dismissal rule

Comcast moves for dismissal of this case on the grounds that Avondale twice asserted and voluntarily dismissed its claims against Comcast, and the claims were either the same claims or were based on the same facts. Mot. 10. Comcast asserts that under these circumstances, Avondale's claims are barred by *res judicata* because Washington's two-dismissal rule specifies that if a plaintiff has previously dismissed an action in any court based on the same claim, a subsequent notice of dismissal operates as an adjudication on the merits. *Id.* (citing *Feature Realty, Inc. v. Kirkpatrick & Lockhart Preston Gates Ellis, LLP*, 161 Wn.2d 214, 224 (2007), and *Vines v. City of Black Diamond*, 2021 WL 2036711, at *1–3 (W.D. Wash. May 21, 2021)).

ORDER GRANTING MOTION TO DISMISS

- 7

In *Feature Realty*, the Washington Supreme Court held that the "two-dismissal rule" under Washington Civil Rule 41(a)(4) operates as an adjudication on the merits. 161 Wn.2d at 224. Washington Civil Rule 41(a)(4) states:

> Unless otherwise stated in the order of dismissal, the dismissal is without prejudice, *except* that an order of dismissal operates as an adjudication upon the merits when obtained by a plaintiff who has once dismissed an action based on or including the same claim in any court of the United States or of any state.

(emphasis added). The rule "applies automatically to unilateral dismissal by the plaintiff and 'does not provide for court discretion to look into the reasons for the dismissal.'" *Noel v. Lakewood*, 196 Wn. App. 1070 (2016) (quoting *Guillen v. Pierce Cnty.*, 127 Wn. App. 278, 285 (2005)).

In the First Case, Avondale's motion clearly states; "Pursuant to CR 41(a)(1)(B), Plaintiff 10431 Avondale Road NE LLC ("Plaintiff") gives notice that it is exercising its right to voluntarily dismiss the claims in this case without prejudice." Fisher Decl. Ex. I, ECF No. 22-9. And the order entered by the superior court is titled "Order Granting Plaintiff's Motion for Dismissal of All Claims Pursuant to CR 41(a)(1)(B)." Fisher Decl. Ex. J.

In the Second Case, Avondale's motion states: "Pursuant to CR 41(a), Plaintiff 10431 Avondale Road NE LLC ("Plaintiff") seeks the Court's permission to exercise its right to voluntarily dismiss the claims in Case No. 25-2-13814-3 SEA without prejudice." Fisher Decl. Ex. R. And the order entered by the superior court is titled "Order Granting Plaintiff's Motion for Dismissal of All Claims Pursuant to CR 41(a)." Fisher Decl. Ex. S, ECF No. 22-19; Yoke Decl. Ex. R. In the body of the order, the court stated: "All Claims Pursuant to CR 41(a) is GRANTED and Plaintiff's claims in King County Superior Court Case No. 25-2-13814-3 SEA are voluntarily dismissed without prejudice without prejudice [sic] to refile suit in state or federal court." *Id.*

ORDER GRANTING MOTION TO DISMISS

- 8

Avondale argues that its dismissals were by court order without prejudice and therefore, the two-dismissal rule does not apply. Opp'n 3-4. Avondale is mistaken. Nothing in the record suggests that the dismissals were anything other than voluntary unilateral dismissals by Avondale. Because the second such dismissal operates as an adjudication on the merits, the two dismissal rule bars this case. *See, e.g.*, Wash. Civ. R. 41(a)(4) (indicating that the effect of a second voluntary dismissal "operates as an adjudication upon the merits"); *Spokane Cnty. v. Specialty Auto & Truck Painting, Inc.*, 153 Wn. 2d 238, 246 (2004) ("[T]he plain language of the 'two dismissal' rule of CR 41(a)(4) does not allow for court discretion. . . . While the language prior to the word 'except' allows court discretion to direct whether a dismissal is with or without prejudice, the language of the excepting clause contains no such discretion. The 'two dismissal' rule of CR 41(a)(4) is self-executing."); *Feature Realty*, 161 Wn.2d at 24 ("CR 41 states that a second dismissal constitutes an adjudication on the merits, and thus the doctrine of *res judicata* prevents the plaintiff from relitigating the same claim against the same party in a subsequent action."). In *Spokane County*, the court also addressed the plaintiff's argument that the dismissals had been granted without prejudice:

> [Plaintiff] argues that its prior dismissals do not apply toward the "two dismissal' rule because the court granted both dismissals "without prejudice." The plain language of the "two dismissal" rule does not support this argument. The rule is self-executing and does not allow for court discretion. We reject this argument as well.

153 Wn.2d at 246.

Avondale makes additional arguments that the two-dismissal rule does not apply under Federal Rule of Civil Procedure 41(a). Opp'n 4-6. But the relevant rule here is Washington Civil Rule 41, not the federal rule. Both Avondale's motions for voluntary dismissal were brought under Washington Civil Rule 41. The second dismissal, therefore, constituted an adjudication on the merits.

ORDER GRANTING MOTION TO DISMISS

- 9

## C.    *Res judicata*

"Under Washington law, *res judicata*, or claim preclusion, prohibits the relitigation of claims and issues that were litigated or could have been litigated in a prior action." *Eugster v. Washington State Bar Ass'n*, 198 Wn. App. 758, 786 (2017) (citing *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763 (1995); *Pederson v. Potter*, 103 Wn. App. 62, 67 (2000)). "The doctrine curtails multiplicity of actions and harassment in the courts." *Id.* (citing *Bordeaux v. Ingersoll Rand Co.*, 71 Wn.2d 392, 395 (1967)). Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003) ("A federal court must give to a state court judgment the same preclusive effect as would the courts of the state in which it was rendered").

Preclusion applies where the subsequent claim involves (1) the same subject matter, (2) the same cause of action, (3) the same persons and parties, and (4) the same quality of persons for or against whom the claim is made. *Eugster*, 198 Wn. App. at 786. The causes of actions do not need to be identical to satisfy the second factor; "Washington law does not specify how precise the subject matter in the first and second suit must coincide." *Id.* at 787. Instead, Washington courts consider four non-dispositive factors to determine whether two causes of action are the same: "(1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Ensley v. Pitcher*, 152 Wn. App. 891, 903 (2009).

ORDER GRANTING MOTION TO DISMISS

- 10

Avondale argues that the claims in this case are not the same as the claims in the First Case and the Second Case. Opp'n 6-24. However, there's no dispute that the First Case and the Second Case were similar enough to be consolidated for litigation in the state court. *See* Fisher Decl. Ex. L ("The Court finds that the Cases—which involve the same parties—share common issues of law and fact."). And Avondale admits that "[w]ith the exception of the federal claims and the addition of MasTec, [this case] is similar to what was filed and dismissed as [the Second Case]." Opp'n 6. Based on this Court's review, it is apparent that the claims in this case were or could have been litigated in the prior actions. The claims relate to the same subject matter (the Comcast easements), they arise from the same set of facts, the central issues are the same, the evidence necessary to each lawsuit is the same, and the rights or interests established by the prior adjudication on the merits would be impaired by allowing Avondale to litigate the claims it has asserted in this case.

In sum, because Avondale previously obtained two voluntary dismissals in state court for claims arising out of the same transaction, the second dismissal operated as an adjudication on the merits under Washington Civil Rule 41(a)(4). Under the principle of *res judicata*, this final judgment precludes the current action and all associated requests for relief as a matter of law. This preclusive bar is apparent from the prior state court orders, of which the Court has taken judicial notice. Accordingly, dismissal with prejudice is required for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## V.   CONCLUSION

For the foregoing reasons,

1. Comcast Defendants' Motion to Dismiss, or Alternatively, for Judgment on the Pleadings or Summary Judgment, ECF No. 21, is GRANTED;

ORDER GRANTING MOTION TO DISMISS

- 11

2.  Plaintiff's claims asserted against Defendants, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC, are DISMISSED WITH PREJUDICE;

3.  Plaintiff's Amended Motion for Partial Summary Judgment, ECF No. 83, is DENIED AS MOOT;

4.  Plaintiff's two requests for judicial notice, ECF Nos. 42, 57, are GRANTED to the extent described herein.

DATED this 27th day of April 2026.


_Barbara J Rothstein_

Barbara Jacobs Rothstein
United States District Judge

ORDER GRANTING MOTION TO DISMISS

- 12