The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 10431 AVONDALE ROAD NE LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, *et al.*,<br><br>Defendants. | NO. 25-cv-1553-BJR<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |

## I. INTRODUCTION

This case is one in a series of cases filed by Plaintiff, 10431 Avondale Road NE LLC ("Avondale"), against Defendants, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC, (collectively "Comcast"), relating to a dispute over easement rights. By Amended Complaint in this Court, Avondale asserted claims against the MasTec[1] Defendants. The result is an unnecessarily complex set of cases in both state court and federal court. Now pending before the Court is MasTec's motion for judgment on the pleadings, ECF No. 100.

[1] MasTec Services Company, Inc., MasTec Network Solutions, Inc., MasTec Network Solutions, LLC, MasTec North America, Inc., and MasTec, Inc. (collectively, "MasTec"). Am. Compl., ECF No. 6.

Having reviewed the materials,[2] the record of the case, and the relevant legal authorities, the Court will GRANT MasTec's motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

In brief,[3] Avondale first sued Comcast on July 17, 2023, in King County Superior Court, challenging a 1999 easement and 2000 easement amendment that supports a Comcast communications hub. Dismissal Order 2, ECF No. 92. Comcast responded with counterclaims, and after various rulings and dismissals, including a finding that the 1999 easement and 2000 easement were enforceable, the counterclaims were the only claims remaining in the case. *Id.* at 2-3. Avondale sued Comcast again on May 6, 2025, in King County Superior Court, challenging the same easements. *Id.* at 3. The state court granted Comcast's motion for consolidation with the remaining counterclaims from the first case. *Id.* Avondale voluntarily dismissed its claims in state court, refiled them in this Court, and removed Comcast's counterclaims to this Court. *Id.* at 3-4. This Court granted Comcast's motion to remand the counterclaims back to state court and dismissed Avondale's claims against Comcast with prejudice under the principle of *res judicata* after applying the two-dismissal rule.[4] *Id.* at 4-5, 11-12.

In this case, Avondale amended its Complaint to add the MasTec Defendants. Am. Compl., ECF No. 6. Avondale alleges that MasTec "operated as an agent or contractor for Comcast. Comcast and MasTec are jointly and severally liable for the acts and omissions set forth in this Complaint." Am. Compl. ¶ 9. Avondale contends that MasTec piggybacked off Comcast's rights

---

[2] Including the motion, ECF No. 100, Avondale's response in opposition, ECF No. 105; and MasTec's reply, ECF No. 108; together with the Amended Complaint, ECF No. 6, and relevant attached exhibits.

[3] The detailed background of this case is complex and unnecessary to repeat since the parties are well acquainted with the details. For further information, see this Court's Order granting the motion to dismiss, ECF No. 92, and this Court's Order granting the motion to remand in the related case, 2-25-cv-01557-BJR, ECF No. 55.

[4] The Court denied Avondale's motion for reconsideration of the decision. ECF No. 114.

under the easement agreement to facilitate physical use of Avondale's property without paying any compensation to Avondale for the use of the property. *See* JSR ¶ 1, ECF No. 101. Avondale asserts six causes of action against MasTec:

- First Cause of Action: Declaratory Judgment;
- Second Cause of Action: Violation of RMC 5.60.230(A), RMC 5.60.230(E), and RMC 5.60.460;
- Third Cause of Action: Violation of RMC 12.14.510;
- Fourth Cause of Action: Violation of RMC 12.14.750;
- Seventh Cause of Action: Unjust Enrichment;
- Tenth Cause of Action: Violation of 47 U.S.C. § 541(a)(2).

Am. Compl. 40-58.

Following a series of miscommunications, MasTec did not initially appear in this Court nor respond to the complaint, and clerk's default was entered. *See* ECF No. 91. However, the Court found good cause to vacate default upon MasTec's motion. *Id.* MasTec now moves for judgment in its favor on all Avondale's claims.

## III. LEGAL STANDARD

A motion for judgment on the pleadings is authorized under Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (brackets and internal quotation marks omitted). A motion for judgment on the pleadings brought by a defendant is functionally identical to one under Rule 12(b)(6), and the same standard of review "applies to motions brought under either rule." *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Accordingly, whether brought under Rule 12(b)(6) or Rule 12(c), the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the non-moving party's favor, the complaint has stated "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In doing so, the Court is limited to reviewing materials that are submitted with, and attached to, the complaint; matters appropriate for judicial notice; and unattached evidence on which the complaint "necessarily relies," provided the authenticity of the document is not questioned. *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020).

## IV. DISCUSSION

MasTec contends that *res judicata* bars Avondale's claims against it and seeks dismissal of those claims with prejudice. Mot. 4. Avondale argues that *res judicata* does not apply to joint tort-feasors and asserts that it makes independent claims against MasTec. Opp'n 5, 10. Avondale also asserts that there are genuine issues of fact that require denial of MasTec's motion. *Id.* at 2. Additionally, Avondale insists that the Court may not consider materials outside the pleadings, although it attached to its response four exhibits on which it relies. *Id.* at 2, Exs. A, B, C, D. The Court will begin by determining which materials it will consider, and then proceed with its analysis of *res judicata* as it applies to this case.

### A. Materials considered

In its motion, MasTec references this Court's earlier decision dismissing all claims against Comcast with prejudice on *res judicata* grounds. Mot. 4 (citing Dismissal Order, ECF No. 92). MasTec also notes that the Court took judicial notice of documents from the state court cases in rendering its decision. *Id.* Avondale argues that MasTec's request is improper. Opp'n 4. Avondale

is wrong. "While a motion under FRCP 12(c) is generally limited to the pleadings, this Court may properly take judicial notice of its own prior orders and docket entries in this matter without converting this motion into one for summary judgment." *See* Fed. R. Evid. 201; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (holding that a court may take judicial notice of its own records); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (affirming that public records may be judicially noticed on a motion to dismiss).

On the other hand, Avondale attached almost 200 pages of additional exhibits to its response in opposition, and it does not ask the Court to take judicial notice of the exhibits nor establish grounds for their consideration. *See* Opp'n, Exs. A-D. Further, MasTec questions the authenticity of the documents. *See* Reply 6 n.13, 8 (noting that the attached documents are not authenticated and lack foundation). Accordingly, the Court will not consider Avondale's exhibits. *See* Fed. R. Evid. 201 (c)(2); Fed. R. Civ. P. 12 (d); *Beverly*, 983 F.3d at 439.

**B. *Res judicata* bars Avondale's claims against MasTec**

"Under Washington law, *res judicata*, or claim preclusion, prohibits the relitigation of claims and issues that were litigated or could have been litigated in a prior action." *Eugster v. Washington State Bar Ass'n*, 198 Wn. App. 758, 786 (2017) (citing *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763 (1995); *Pederson v. Potter*, 103 Wn. App. 62, 67 (2000)). "The doctrine curtails multiplicity of actions and harassment in the courts." *Id.* (citing *Bordeaux v. Ingersoll Rand Co.*, 71 Wn.2d 392, 395 (1967)).

Preclusion applies where the subsequent claim involves (1) the same subject matter, (2) the same cause of action, (3) the same persons and parties, and (4) the same quality of persons for or against whom the claim is made. *Eugster*, 198 Wn. App. at 786. "Under the principles of *res*

*judicata*, a judgment is binding upon parties to the litigation and persons in privity with those parties." *Loveridge*, 125 Wn.2d at 764. This Court dismissed Comcast with prejudice, and MasTec now seeks dismissal as a party in privity with Comcast. Mot. 6-7.

Avondale argues that *res judicata* does not apply because MasTec is a joint tort-feasor. Opp'n 5 (citing *Larson v. Hodge*, 100 Wn. 419 (1918)). However, as MasTec maintains, no judgment has been obtained against Comcast, but rather, Avondale voluntarily dismissed its claims twice, and the second dismissal operated as an adjudication on the merits as to all claims that were or could have been brought against Comcast or any party in privity. Reply 3; Dismissal Order 9-11. Avondale also argues that its claims against MasTec allege independent conduct and not derivative liability. Opp'n 8. But all of Avondale's claims are pleaded against both Comcast and MasTec, and the claims stem from the same subject matter (the Comcast easements). *See* Am. Compl. ¶¶ 164-301. It is apparent that Avondale's allegations against MasTec could have been pursued in its earlier suits against Comcast.

Courts "view different defendants between suits as the same party as long as they are in privity." *Kuhlman v. Thomas*, 78 Wn. App. 115, 121 (1995) (citing *Woodley v. Myers Capital Corp.*, 67 Wn. App. 328, 337 (1992)). And "principal-agent relationships may ground a claim preclusion defense, regardless which party to the relationship was first sued." *Id.* (quoting *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288 (5th Cir. 1989). Avondale clearly alleges that "MasTec operated as an agent or contractor for Comcast." Am. Compl. ¶ 9. Accepting Avondale's allegations as true, as the Court must, MasTec's privity is established, and MasTec benefits from the same claim preclusion as does Comcast because it is a party in privity. *See Feature Realty, Inc. v. Kirkpatrick & Lockhart Preston Gates Ellis, LLP*, 161 Wn.2d 214, 224 (2007) (discussing privity under Rule 41(a)(1)); *Cf. Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development*

*Corp.*, 933 F.2d 724, 728 (9th Cir. 1991) (finding that defendants who were not dismissed may still claim benefit of the bar because they were in privity with the dismissed party).

Further, for the reasons that courts, in their discretion, deny leave to amend, this Court denies Avondale's request for leave to amend. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (stating that a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" Accordingly, the Court will dismiss the MasTec Defendants with prejudice.

## V. CONCLUSION

For the foregoing reasons,

1. MasTec Defendants' Motion for Judgment on the Pleadings, ECF No. 100, is GRANTED;
2. Plaintiff's claims against the MasTec Defendants are DISMISSED WITH PREJUDICE;

DATED this 8th day of September 2026.

Barbara Jacobs Rothstein
United States District Judge